# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY SORANTINO,         )
        Plaintiff,         )
                        )
v.                     )       C.A. No. N18C-10-022 ALR
                        )
TERRANCE NEWTON, et ux.,    )
        Defendants.      )

Submitted: May 21, 2019
Decided: June 4, 2019

*Upon Defendants' Motion to Dismiss*
**DENIED**

## ORDER

Upon consideration of the Motion to Dismiss filed by Defendants Terrance Newton and Paula Dumpson-Newton ("Defendants"); the response thereto filed by Plaintiff Anthony Sorantino ("Plaintiff"); the facts and arguments set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On October 3, 2018, Plaintiff filed a civil lawsuit against Defendants alleging breach of contract claims as a result of nonpayment for construction services furnished. The contractual obligation arose as a result of a verbal agreement between Plaintiff and Defendant Terrance Newton.

2. On January 22, 2019, Defendant Terrance Newton filed an Answer denying the allegations in the complaint.

3.     On January 24, 2019, Defendant Paula Dumpson-Newton filed an Answer asserting that she is not a party to the contract at issue.

4.     On May 8, 2019, Defendants filed a motion to dismiss ("Motion to Dismiss") Plaintiff's complaint on the grounds that Plaintiff was compensated for the work performed, thereby satisfying the contract.

5.     On May 21, 2019, Plaintiff filed a response in opposition to the Motion to Dismiss.

6.     On a motion to dismiss for failure to state a claim upon which relief can be granted,[1] the Court must read the complaint generously, accept all well-plead allegations contained therein as true, and draw all reasonable inferences in a light most favorable to the non-moving party.[2]  A complaint is well-pled if it puts the opposing party on notice of the claim being brought against it.[3]  Dismissal is warranted only "when the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[4]  Allegations that are merely conclusory and lacking factual basis will not survive a motion to dismiss.[5]

---

[1] Super. Ct. Civil R. 12(b)(6).
[2] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).
[3] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[4] *Ridley v. Bayhealth Med. Ctr., Inc.*, 2018 WL 1567609, at *3 (Del. Super. Mar. 20, 2018) (internal citations omitted).
[5] *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *7 (Del. Super. June 6, 2012) (internal citations omitted).

7. To survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must establish: (1) existence of an express or implied contract; (2) breach of an obligation imposed by the contract; and (3) damages incurred as a result of the breach.[6] "An action for damages is the most fundamental remedy for breach of contract."[7] To recover damages in connection with the alleged breach of contract, the plaintiff must demonstrate substantial compliance with all provisions of the contract.[8]

8. Assuming the well pleaded facts are true, Plaintiff's complaint establishes a potentially viable cause of action against Defendants for breach of contract. Plaintiff alleges that he entered into a contract with Defendants to provide construction services. At the conclusion of that contract, Plaintiff alleges that Defendants did not pay for the full cost of Plaintiff's services. Plaintiff is seeking money damages in connection with the alleged breach of contract. At this stage in the proceedings, Plaintiff has pled sufficient facts to support a claim for breach of contract against Defendants.

---

[6] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).
[7] *Vinton v. Grayson*, 189 A.3d 695, 702 (Del. Super. 2018).
[8] *Shah v. Am. Solutions, Inc.*, 2012 WL 1413593, at *2 (Del. Super. Mar. 8, 2012).

**NOW, THEREFORE,** this 4th day of June, 2019, Defendants' Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

cc:    Anthony Sorantino
        Terrance Newton
        Paula Dumpson-Newton